Marioglo v. Holder

BIA
Mulligan, IJ
A088 377 771

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 23rd day of September, two thousand ten.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> GERARD E. LYNCH,
> > *Circuit Judges.*

_____

LIDIA MARIOGLO,
> _____*Petitioner*,

> v.

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
> *Respondent.*

_____

09-4139-ag
NAC

FOR PETITIONER: Jay Ho Lee, New York, New York.

FOR RESPONDENT: Tony West, Assistant Attorney General; Susan K. Houser, Senior Litigation Counsel; Jacob A. Bashyrov, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Lidia Marioglo, a native of the Soviet Union and a citizen of Russia, seeks review of a September 8, 2009, order of the BIA affirming the July 22, 2008, decision of Immigration Judge ("IJ") Thomas J. Mulligan, denying her application for withholding of removal. *In re Lidia Marioglo*, No. A088 377 771 (B.I.A. Sept. 8, 2009), *aff'g* No. A088 377 771 (Immig. Ct. N.Y. City July 22, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA's decision. *See Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

Marioglo challenges the agency's denial, on adverse credibility grounds, of her claim for withholding of removal. However, substantial evidence supports the agency's adverse credibility determination. For asylum

2

applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167 n. 4).

We defer to the IJ's finding that Marioglo's "contrived" demeanor undermined her credibility. *See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005); *see also Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 116-17 (2d Cir. 2007). Additionally, the IJ reasonably based his adverse credibility determination on several discrepancies among Marioglo's testimony, her written application, and her supporting evidence.

Finally, the IJ did not err in declining to give significant weight to the medical reports Marioglo submitted in support of her claim because he reasonably determined that these documents were created eleven years after the events they describe. *See Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Moreover, even if these

3

medical reports were authentic, the IJ reasonably determined that they were outweighed by Marioglo's very demeanor. *See id.* at 341 (finding that the alien's failure to corroborate her claim was collateral to the IJ's finding that her "largely uncorroborated, non-credible testimony was insufficient to establish withholding of removal").

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4